ADA RUSSELL EMMACK et al., Appellants, v. MARGARET F. TISH et al., Appellees.

No. 41370.

L. S. Kennington, for appellants.

J. G. Shifflett, for all defendants (except Howard Davis) and intervener, appellees.

Clyde McFarlin, for Howard Davis, appellee.

Evans, J.—It appears from the record that at the time of the making of the will, the testator, Milo Morgan, had nine children then living, and two grandchildren, plaintiffs herein, who were the children of a deceased son. The will was attached as an exhibit to the petition. The portions of the will material for our consideration are Items 2, 3, 4, and 5, which were as follows:

"Item 2. I hereby nominate my son-in-law Samuel A. Tish, as the executor of this my Last Will and Testament and recommend that he be not required to give bond as such; and I hereby give and grant unto the said executor full power and authority to sell and dispose of any real estate which I may own at the time of my death, together with any personal property belonging to me of whatsoever kind, and all other property, without order of court or appraisement, and as in his judgment may seem best, and to execute a deed or other instrument conveying the same, as fully and effectively as I might do myself if living, and to convert all of the property then owned by me into cash, for the purpose of the settlement of my said estate and the distribution of the proceeds therefrom, as hereinafter provided.

"Item 3. Having heretofore given to my son, John D. Morgan, partly as an advancement, and partly in payment of

my care, board and maintenance until my death, real estate of the fair value and as considered by me of $1500.00, I hereby make no provision for my said son herein, except as hereinafter provided in Item 5 hereof.

"Item 4. Subject to Item 1 hereof, I give, devise and bequeath all of the property of which I die seized, unto the following eight named children, to-wit: Albion J. Morgan, Sarah Ellen Champlain, Horace W. Morgan, Mary Buskirk, Margaret F. Tish, Minnie Reavis, Charles Morgan, Sophia Bell Buskirk share and share alike and unto the following two named grandchildren Lizzie Gotschel and Ada Russell, children of a deceased son, Garrett Morgan, the share to go to the said two grandchildren to be in the aggregate one-third of the share to each of the said eight children, or a sixth to each of said grandchildren of what each of said children shall take.

"Item 5. In the event, however, that my net estate for distribution to my said children and grandchildren as named in the last preceding Item hereof should be in excess of $1500.00 to each of said children and more than $500.00 to the said two grandchildren in the aggregate, then I direct that the value of said estate in excess of $12,500.00, if any, (being $1500.00 to each of said children and $500.00 to said two grandchildren), shall be divided share and share alike among all of my said nine children, including the said John D. Morgan, and my said two grandchildren, an equal share to each of said children and one-third of such equal share to each child to go to the said two grandchildren; it being the intention that each of my said eight children shall receive $1500.00 and said two grandchildren shall each receive $250.00 for the purpose of placing them on an equal basis with the said John D. Morgan, before he shall receive anything, and he shall not participate in my said estate only in the event that the amount for distribution shall be a sum in excess of the necessary amount to pay each of said children $1500.00 and each of said grandchildren $250.00."

Item 1 of the will simply provided for the payment of debts and expenses.

The question presented is: Did the foregoing provisions of the will work an equitable conversion? It is the rule recognized in this state that an express direction to an executor to sell the

real estate and to divide the proceeds works an equitable conversion as of the date of the death of the testator; on the other hand, that a mere authority to the executor to sell the real estate does not necessarily work an equitable conversion.

It is also the rule of this state that a direction to sell the real estate and thereby to work an equitable conversion may be implied from the terms of the will, as a whole, where the intent of the testator to that effect is plainly indicated; and this is so where a sale of the realty becomes necessary to an execution of the provisions of the will. In re Estate of Sanford, 188 Iowa 833. In Item 4 of his will, the testator made provision for eight of his children and for his two grandchildren. The son John Morgan was eliminated from the provisions of Item 4, for the reason indicated in Item 3. This reason was that John had received an advancement of $1500. Item 4 awarded benefits to the other children to equalize such advance. As to any sum which might be realized from the net estate in excess of $12,500, the nine children were to share equally, and the two grandchildren were each to take double the share awarded to them under Item 4. Such were the provisions of Item 5. It will be noted that there was no attempt here to fix the share of the real estate to which any devisee should be entitled. It is manifest also that the extent of any such share could not be ascertained mathematically until after a conversion of the realty into money. The plaintiffs are the two grandchildren. They allege that they each own a 1/50 part of the real estate and that the defendants, the children of the deceased, each own 3/25 thereof. This allegation is contradicted by the very terms of the will. It ignores entirely Item 5 of the will, which brings the son John into participation. The will discloses that the plaintiffs are to take each 1/50 of the first $12,500 to be realized from the estate. Their undivided interest in the excess, over and above $12,500, is on a wholly different basis. Under Item 4, they take each 1/6 of the amount taken by the children of the testator. Under Item 5, as to the excess, they take 1/3 each of the amount awarded to each of the testator's nine children.

The prayer of the plaintiff's petition is necessarily that the shares, as alleged, be confirmed in them; whereas under the terms of the will such shares can not be ascertained by any process of mathematics until there has been an actual sale of the

land. The trial court held that the very provisions of the will indicate the clear intention of the testator that a conversion of the real estate into money should be had for the purpose of division and settlement. Such intention is indicated by the very necessities imposed upon the executor in the settlement of the estate. We think the conclusion of the trial court is inescapable.

Its order is accordingly affirmed.—Affirmed.

All the justices concur.